# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| SAM'S FOOD DISTRIBUTORS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 2016-43 |
| SUGAR BAY CLUB & RESORT CORP., | ) |
| Defendants. | ) |

**ATTORNEYS:**

**Eugenio W.A. Géigel-Simounet, Esq.**
Law Offices of Wilfredo A. Géigel
St. Croix, VI
 *For the plaintiff.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Sam's Food Distributors, Inc. for default judgment.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 6, 2016, Sam's Food Distributor, Inc. ("Sam's Food") filed a debt claim against Sugar Bay Club and Resort Corp. ("Sugar Bay"). Sugar Bay has not filed an answer to the complaint or a motion in this matter.

On August 8, 2016, the Clerk of Court entered default against Sugar Bay. On June 15, 2017, Sam's Food moved for default judgment. ECF No. 16.

## II. ANALYSIS

Before entering a default judgment, the Court must consider its subject matter jurisdiction. *Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006) ("Furthermore, Defendants, in essence, had a meritorious defense to the action — one that the District Court would have been obligated to consider *sua sponte* before entering default judgment — the lack of subject-matter jurisdiction."). If subject matter jurisdiction is lacking, the Court may dismiss the complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *cf. Mark IV Transportation & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction . . . .").

In its complaint, Sam's Food alleges that this Court may exercise diversity jurisdiction over this action pursuant to 28 U.S.C. §1332. ECF 1, at ¶ 3. It also alleges that it "is a citizen and domiciled in the Commonwealth of Puerto Rico." *Id.* at ¶ 1. It further alleges that "Defendant Corporation is a citizen and resident of the Virgin Islands." *Id.* at ¶ 2.

Significantly, it appears that both parties are corporations. Corporations are citizens of both: (1) the state where they are incorporated; and (2) the state in which their principal place of business is located. *See* 28 U.S.C. §1332(c)(1). Thus, they may be citizens of more than one state. *See id.* Indeed, diversity jurisdiction is not adequately pled when the plaintiff's allegations do not address both a corporation's principal place of business and the corporation's state of incorporation. *See Guerrino v. Ohio Cas. Ins. Co.*, 423 F.2d 419, 421 (3d Cir. 1970)("An allegation as to where . . . [a corporation] has its principal place of business is a jurisdictional requirement."). It follows that merely pleading that a corporation is the citizen of a state based on its residency or domicile is insufficient.

Here, the complaint alleges that the parties are each citizens of a territory and that the corporations reside or are domiciled there. The complaint does not allege where the parties are incorporated or where they have their principal place of business. Nothing in the complaint excludes the possibility that the plaintiff and the defendant may not be diverse because, for example, they were incorporated in the same state. As such, the allegations in the complaint are insufficient to establish diversity jurisdiction.

Furthermore, no other evidence of citizenship is provided in the motion for default judgment.

Accordingly, the Court will deny the motion for default judgment and dismiss the complaint. The Court will grant Sam's Food leave to file an amended complaint which properly alleges the citizenship of the parties.

The premises considered; it is hereby

**ORDERED** that the motion for default judgment is **DENIED**; and it is further

**ORDERED** that by no later than 3:00 P.M. on April 6, 2018, Sam's Food may file an amended complaint properly pleading the citizenship of the parties. Failure to do so may result in the dismissal of this action.

S\_____
**Curtis V. Gómez
District Judge**