DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

SAM'S FOOD DISTRIBUTORS, INC.,       )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    Civil No. 2016-43
                                      )
SUGAR BAY CLUB & RESORT CORP.,        )
                                      )
            Defendants.               )
                                      )

ATTORNEYS:

**Eugenio W.A. Géigel-Simounet, Esq.**
Law Offices of Wilfredo A. Géigel
St. Croix, VI
    *For the plaintiff.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Sam's Food Distributors, Inc., to amend its complaint.

On June 6, 2016, Sam's Food Distributor, Inc., ("Sam's Food") filed a debt claim against Sugar Bay Club and Resort Corp. ("Sugar Bay"). Sugar Bay has not filed an answer to the complaint or a motion in this matter.

On August 8, 2016, the Clerk of Court entered default against Sugar Bay. On June 15, 2017, Sam's Food moved for default judgment. ECF No. 16.

On March 23, 2018, the Court entered an order denying Sam's Food's motion for default judgment. *See* March 23, 2018, Order,

ECF No. 22. In that order, the Court observed that, in its complaint, Sam's Food alleged that this Court has diversity jurisdiction. Yet, Sam's Food had not addressed the parties' principal place of business or state of incorporation as contemplated by the applicable statute. *See* 28 U.S.C. §1332(c)(1); s*ee also Guerrino v. Ohio Cas. Ins. Co.*, 423 F.2d 419, 421 (3d Cir. 1970)("An allegation as to where . . . [a corporation] has its principal place of business is a jurisdictional requirement."). Furthermore, the Court noted that no other evidence of citizenship was provided in the motion for default judgment.

Accordingly, the Court denied the motion for default judgment and dismissed the complaint. The Court also granted Sam's Food leave to file an amended complaint, which would properly allege the citizenship of the parties. Any amended complaint was to be filed by no later than 3:00 P.M. on April 6, 2018. The Court cautioned that failure to properly plead the citizenship of the parties may result in the dismissal of this action.

On April 6, 2018, Sam's Food filed a motion to amend its complaint. In its amended complaint, Sam's Food asserts only that

> Defendant Sugar Bay Club and Resort d/b/a Sugar Bay Resort and Spa upon information manages a Hotel property in St. Thomas USVI, known as the Sugar Bay Resort and its home office is located at 527 Madison Avenue, 20th floor, New York, N.Y. 10022.

*See* First Amended Complaint, ECF No. 23-3, at 1. Curiously, despite the Court's explanation that "[c]orporations are citizens of both: (1) the state where they are incorporated; and (2) the state in which their principal place of business is located," *see* March 23, 2018, Order, ECF No. 22, at 3, Sam's Food failed to plead Sugar Bay's state of incorporation or its principal place of business.

Because Sam's Food, once again, has failed to properly plead the citizenship of Sugar Bay, thus failing to establish this Court's subject matter jurisdiction, the Court will dismiss this matter.

The premises considered; it is hereby

**ORDERED** that Sam's Food's motion to amend, ECF No. 23, its complaint is **DENIED**; it is further

**ORDERED** that Sam's Food's complaint, ECF No. 1, is hereby **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.



S\_____
**Curtis V. Gómez
District Judge**